KETHLEDGE, Circuit Judge,
dissenting.
The undisputed facts of this ease, as I understand them, are these: the City of St. Clair Shores Police Department received a report that David Gottage had threatened to kill several people, that he was highly intoxicated, and that he had strategically placed guns throughout the house where he was staying. A SWAT team responded to the scene and — after a six-hour standoff — flushed Gottage out of the house with tear gas. When Gottage emerged onto the front porch, the officers ordered him to lie down. Rather than comply, however, Gottage turned his back to the officers and began walking towards where a truck was parked next to an open garage. The officers tackled him on a concrete walkway adjacent to the porch, and in the process of doing so injured Gottage’s shoulder. Gottage was injured further as the officers handcuffed him on the ground.
None of this, in my view, makes out a violation of Gottage’s clearly established constitutional rights. The Fourth Amendment permits an officer to use a reasonable amount of force when making an arrest. See Hayden v. Green, 640 F.3d 150, 154 (6th Cir.2011). To determine whether an officer’s use of force was reasonable, we consider “the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.” Id. (quotation marks omitted). We look at these factors through the eyes “of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.” Id. (quotation marks omitted).
All three of these factors support the officers’ decision to tackle Gottage. First, the officers had reason to believe that Gottage had committed several serious crimes: they knew that Gottage had fired a shotgun in a residential neighborhood; *552 they knew that Gottage had allegedly pointed a shotgun at his nephew and threatened to kill him; and they had every reason to think that Gottage had barricaded himself inside his house for six hours as they tried to contact him. (He was actually passed out inside the house.) The conduct that the officers were facing, therefore, was severe.
Second, the officers reasonably believed that Gottage posed an immediate threat to the safety of themselves and others. Got-tage had threatened to kill his nephew and several other people. Gottage also had the ability to hurt others, given that he possessed several firearms. Moreover, Got-tage was highly intoxicated, which made it more likely that he would act violently. See Marvin v. City of Taylor, 509 F.3d 234, 246 (6th Cir.2007).
Third, the officers had reason to believe that Gottage was resisting arrest. Despite repeated phone calls and announcements over a loudspeaker, Gottage had failed to exit the house for six hours. Then — when he finally did so — Gottage did not comply with the officers’ commands to lie flat on the ground. Instead, Gottage turned his back on the officers and walked toward the driveway, where an unsecured truck and an open garage sat waiting. Taken together, these three factors show that the officers’ decision to tackle Gottage was reasonable.
Gottage argues that the officers should not have tackled him because he subjectively intended to comply with their commands by lying down on the driveway. But we look at the facts through the eyes “of a reasonable officer on the scene,” Hayden, 640 F.3d at 153; and a reasonable officer could not have known that Gottage planned to lie down on the driveway. Thus, “[Gottage’s] reason for noncompliance is irrelevant as to whether [the officers] reasonably thought that force was necessary to bring [him] under control.” Griffin v. Hardrick, 604 F.3d 949, 955-56 (6th Cir.2010).
Nor does the record support a conclusion that the officers used excessive force when they handcuffed Gottage. Given the situation they faced, the officers needed to handcuff Gottage as quickly as possible, not as gently as possible. Given the situation, it was reasonable for the officers to step on Gottage’s back “one or two times” to keep him from getting up, and to pull his arms behind his back to handcuff him.
Gottage contends, however, that the officers acted maliciously. In particular, he says the officers “deliberately rubbed [his face] into the concrete in the driveway from side to side.” But Gottage has not explained how he knows that the officers deliberately rubbed his face into the concrete. Gottage admits that he was too intoxicated to remember much of what happened — see Gottage Dep. at 185:12-186:14; id. at 199:15-22; id. at 208:5-16— yet he asserts that he was somehow able to perceive the officers’ subjective intent. This self-serving testimony is insufficient to allow a reasonable jury to find for Got-tage. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
In sum, even viewing the record in the light most favorable to Gottage — in this case, a dim light indeed — the officers’ actions were reasonable. I therefore believe the officers are entitled to qualified immunity. For these reasons, I respectfully dissent.